GREGG A. THORNTON (SBN 146282)
KELLI E. GEORGE (SBN 225689)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone:  (415) 979-0400
Facsimile:  (415) 979-2099

Attorneys for Defendant
CITY OF PACIFICA, PAT BRENNAN,
VINCE ROMERO, MAX REISING, BART
BUCHANAN, LANCE BELL, FERNANDO
REALYVASQUEZ, NICK BARSETTI and
DOMINIC ALBANESE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SAULSBURY, SR., individually, and as joint personal representative of the Estate of the decedent, GREGORY SAULSBURY, Jr.; et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PACIFICA, a municipal corporation; et al., <br><br> Defendants. | CASE NO.  C-05-01471 MJJ <br><br> **STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER** |

   **IT IS HEREBY STIPULATED** by and between the **PARTIES** hereto, through their respective counsel of record, as follows:

   1.  Information and Matters Subject to this **ORDER**.  This stipulation and order (hereafter **"ORDER"**) shall govern all **"CONFIDENTIAL INFORMATION"** (as defined hereafter) and all information derived therefrom, including, but not limited to, all copies, excerpts or summaries thereof.  All references herein to **"PARTIES"** shall include all **PARTIES** and counsel of record in the above-entitled action.

1

2. <u>Definitions</u>. The following definitions shall apply in the construction and application of this **ORDER**.

a. The term **"INFORMATION"** means any materials, as defined by Federal Rule of Evidence 1001, or materials produced by the **PARTIES** or any person or entity subject to their employ or control in conjunction with this proceeding, including, but not limited to, (1) documents produced pursuant to requests under Federal Rule of Civil Procedure 34, (2) documents produced pursuant to subpoena, (3) documents produced voluntarily or in response to informal request, and (4) answers to deposition questions set forth in deposition transcripts.

b. The term **"CONFIDENTIAL"** means any **INFORMATION** designated as **CONFIDENTIAL** by the **PARTIES**. Only the following **INFORMATION** may be so designated:

(1) All **INFORMATION** regarding medical records, personnel records, employment files, performance evaluations, physical/mental evaluations, disciplinary action, citizen complaints, internal affairs investigations, and all other employment-related writings regarding any employee of the City of Pacifica produced or otherwise obtained in this action;

(2) All **INFORMATION** regarding policies, procedures, manuals, and other documents regarding personnel practices of the City of Pacifica produced or otherwise obtained in this action; and

(3) Any other **INFORMATION** stipulated to by the **PARTIES**.

C. The term **"QUALIFIED PERSONS"** means (1) the Presiding Judge and any of his or her staff, (2) any referee appointed by a

judge in this matter to preside over any hearings in this matter and any of his or her staff, (3) a jury empanelled for trial, (4) stenographic reporters engaged in these proceedings as are necessarily incident to the preparation for trial and/or trial of this action, (5) counsel for the **PARTIES** in this litigation, (6) paralegal, stenographic, clerical, and secretarial personnel employed by counsel for the **PARTIES**, (7) The **PARTIES** to these proceedings, including their officers, directors, agents, and employees, and (8) any person employed by counsel for the **PARTIES** in this proceeding to assist such counsel in this proceeding, such as experts or other consultants.

    d.    The term **"DISCLOSE"** or any version thereof means to show, give, make available, or communicate in any fashion to any person any **CONFIDENTIAL INFORMATION**, information concerning the existence or content of any **CONFIDENTIAL INFORMATION**, or any copy, portion, version, or summary of any **CONFIDENTIAL INFORMATION**.

    3.    Use of **CONFIDENTIAL INFORMATION**. **CONFIDENTIAL INFORMATION** shall be used solely in connection with, and only as necessary to, this action and the preparation and trial of this action, or any related proceeding, including, but not limited to, appeal or writ, and not for any other purpose, including, without limitation, any civil, criminal, administrative, or personal purpose or function. **CONFIDENTIAL INFORMATION** shall not be **DISCLOSED** to anyone other than **QUALIFIED PERSONS** and shall not be **DISCLOSED** except in accordance with this **ORDER**. Control and distribution of all **CONFIDENTIAL INFORMATION** shall be the

responsibility of the attorneys of record and the **PARTIES**. The provisions of this **ORDER**, insofar as they restrict the communication and use of **CONFIDENTIAL INFORMATION** produced hereunder, copies of summaries thereof, or information obtained therefrom, shall continue to be binding after the conclusion of this action.

4. Designation of **INFORMATION** as **CONFIDENTIAL**. In the preparation for any trial of this proceeding, and any appeal or writ taken herein, **CONFIDENTIAL INFORMATION** shall be designated in the following manner:

   a. **INFORMATION** shall be designated as **CONFIDENTIAL** only after a bona fide and good faith determination by the producing party that the material contains **CONFIDENTIAL INFORMATION** as defined herein, the **DISCLOSURE** and use of which would be detrimental to or invade the privacy of the producing party.

   b. Any information sought to be protected is properly subject to protection under FRCP Rule 26(c), and counsel shall not designate any discovery material **CONFIDENTIAL** without first making a good faith determination that protection is warranted.

   c. Any party seeking protection under FRCP Rule 26(c) has the burden of proof to show that such protection is warranted.

   d. The designation of **INFORMATION** as **CONFIDENTIAL** shall be made, whenever possible prior to production, by placing or affixing on each page of such material in a manner that will not interfere with its legibility the words **"CONFIDENTIAL,"** or by the designation of categories of documents as **"CONFIDENTIAL."** If such designation is not possible prior to production, the

designation must be made by the producing party within twenty (20) days after disclosure. The **INFORMATION** shall be treated as **CONFIDENTIAL** until the twenty (20) days has elapsed. Within such twenty (20)-day period, the disclosing party must notify all **PARTIES** in writing of the precise **INFORMATION** sought to be designated as **CONFIDENTIAL**. Absent such notice, the **INFORMATION** cannot be treated as **CONFIDENTIAL**.

5. <u>**DISCLOSURE** of **CONFIDENTIAL INFORMATION**</u>. Each individual, other than counsel whose law firms are actual signatories to this **ORDER**, to whom **CONFIDENTIAL INFORMATION** is furnished, shown, or **DISCLOSED**, shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing her/him such material a copy of this **ORDER** and agree to be bound by its terms, and shall certify that s/he has carefully read the **ORDER** and fully understands its terms. Such person must also consent to be subject to the personal jurisdiction of the United States District Court, Northern District of California, with respect to any proceeding relating to enforcement of this **ORDER**, including any proceeding relating to contempt of court. The certificate shall be in the form attached hereto. Counsel making **DISCLOSURE** to any person as described herein shall retain the original executed copy of such certificate until final termination of this case.

a. <u>**DISCLOSURE** During Depositions</u>. In the event that **CONFIDENTIAL INFORMATION** is **DISCLOSED**, revealed, utilized, examined or referred to during depositions, then only **QUALIFIED PERSONS**, the deponent, and the court reporter shall be present.

If **CONFIDENTIAL INFORMATION** is made exhibits to, or if **CONFIDENTIAL INFORMATION** is the subject of examination during, a deposition, then arrangements will be made with the court reporter to separately bind those exhibits and those portions of the transcript containing **CONFIDENTIAL INFORMATION**, <u>and each page on which such **CONFIDENTIAL INFORMATION** appears shall be stamped with the word "**CONFIDENTIAL**."</u> Those exhibits and transcript portions shall be placed in a sealed envelope or other appropriate sealed container on which shall be endorsed "<u>Saulsbury, et. al.</u> v. City of Pacifica, <u>et al.</u>, Confidential Pursuant to Order in Case No. C05 1471 MJJ," and a statement substantially in the following form:

"THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE ORDER OF COURT, IN "<u>Saulsbury, et. al.</u> v. City of Pacifica, <u>et al.</u>, UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, CASE NO. C05 1471 MJJ, AND CONTAINS CONFIDENTIAL DOCUMENTS PRODUCED OR GENERATED BY PARTIES TO THE PROCEEDING. IT IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE DISCLOSED, EXCEPT TO QUALIFIED PERSONS AS DEFINED BY SAID ORDER."

Each court reporter participating in any deposition involving **CONFIDENTIAL INFORMATION** shall be informed of and provided with a copy of this **ORDER** and exhibit hereto and shall be requested to sign a copy of said exhibit. Furthermore, each court reporter participating in any deposition involving **CONFIDENTIAL INFORMATION** shall show a copy of this **ORDER** to any other person participating in the preparation of any deposition transcript and shall have such person sign a copy of said

1 exhibit.

2     b. Papers Filed in Court. Counsel for the **PARTIES** are
3 directed to place any documents to be filed under seal with the
4 clerk of the court, pursuant to this **ORDER**, in an envelope
5 containing the title of the document, marked "SEALED" and
6 labeled:

7     "THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE
8 ORDER OF COURT, IN "Saulsbury, et. al. v. City of Pacifica, et
9 al., UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF
10 CALIFORNIA, CASE NO. C05 1471 MJJ, AND CONTAINS CONFIDENTIAL
11 DOCUMENTS. IT IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE
12 DISCLOSED, ABSENT FURTHER ORDER OF THE COURT."

13     Documents to be filed under seal are to be filed directly
14 with the supervisor of the filing window. Upon failure of the
15 filing party to so file a document under seal, the producing
16 party may do so.

17     c. **DISCLOSURE** to Experts. In case of any **DISCLOSURE** to an
18 expert, consultant, or other **QUALIFIED PERSON** under paragraph
19 2(c) above, counsel for the disclosing party shall make
20 reasonable efforts to ensure that the **CONFIDENTIAL INFORMATION**
21 **DISCLOSED** is not disseminated in any form to anyone by such
22 expert, consultant, or other **QUALIFIED PERSON** and that said
23 **CONFIDENTIAL INFORMATION** and any copies or summaries thereof are
24 returned in their entirety to the disclosing party after they are
25 no longer needed in this action.

26     6. **DISCLOSURE** of **CONFIDENTIAL INFORMATION** to Other Than
27 **QUALIFIED PERSONS**. In the event that any party desires
28

**CONFIDENTIAL INFORMATION** to be **DISCLOSED**, discussed, or made available to any person other than a **QUALIFIED PERSON,** such party shall submit to opposing counsel a written statement specifically identifying the **CONFIDENTIAL INFORMATION** to be **DISCLOSED** and the name, title, and business relationship of the persons with whom they wish to communicate. Counsel for the opposing party shall have fifteen (15) calendar days from the date notice was served to object to the **DISCLOSURE** to any person identified in the notice. If the **PARTIES** are unable to agree on the terms and conditions of the requested **DISCLOSURE,** it may be made only on such terms as the Court may provide. The **PARTY** seeking disclosure may file with the Court and personally serve on opposing counsel a written motion for authority to make such **DISCLOSURE.** Ten (10) days shall be allowed to oppose or otherwise answer any such motion.

    a. Unless opposing counsel responds timely in writing to the fifteen (15)-day notification provided for above, the persons named in the notice shall, subject to the terms and conditions of this **ORDER**, be entitled to receive only that **CONFIDENTIAL INFORMATION** specified in this notice.

    7. **DISCLOSURE** to Author or Addressee. Nothing in this **ORDER** shall preclude the **DISCLOSURE** of **CONFIDENTIAL INFORMATION** to any person who authored, prepared, was an addressee of, received a copy of, or participated in the preparation of such **CONFIDENTIAL INFORMATION.**

    8 Objections To Designation. Should any party to whom **CONFIDENTIAL INFORMATION** is disclosed object to classification of

8

Confidentiality Stipulation and Protective Order
C-05-01471 MJJ

such materials, and should the **PARTIES** be unable to resolve the objection informally, then the objecting party ("the moving party") shall have the burden of moving forward and may move, at any time upon proper notice, for an order determining whether or not the materials are properly designated. Until a motion is filed and resolved by the Court, all materials designated **CONFIDENTIAL INFORMATION** shall be treated as **CONFIDENTIAL**. In the event such a motion is made, the party opposing the motion (the "opposing party") shall have the burden of providing and establishing that the **INFORMATION** is protected as privileged within the meaning of and under applicable federal laws and the laws of the State of California. This burden, imposed on the opposing party, shall include, but shall not be limited to, the burden imposed on any party seeking a protective **ORDER.**

9. Objections To Production. Nothing in this **ORDER** shall be deemed to limit or waive any right of any party to object to discovery with respect to any **INFORMATION** which may be claimed to be outside the scope of discovery for any reason, privileged, or otherwise protected or protectable under applicable federal laws and the laws of the State of California

10. Further Protection. Nothing contained in this **ORDER** shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective **ORDER** relating to **CONFIDENTIAL INFORMATION** or relating to any discovery in this case, (b) to apply to the Court for an **ORDER** requiring the removal of the **CONFIDENTIAL** designation from any document

```
 1  pursuant to Paragraph 4 above; and (c) to apply to the Court for
 2  any relief from a provision of this Stipulation and ORDER, upon
 3  good cause shown.  Nothing in this ORDER shall be construed as
 4  preventing any party from making application to the Court for
 5  revision of the terms of this ORDER.
 6      11.  Contempt.  Any violation of the provisions set forth in
 7  this ORDER is punishable as contempt of this Court.
 8      12.  General Provisions.
 9      a.  This ORDER is the result of negotiations by attorneys
10  for the PARTIES and shall not be construed against any party or
11  signatory to this ORDER because that party or his counsel may
12  have drafted this ORDER in whole or in part.  This ORDER shall be
13  construed and interpreted fairly in accordance with its purpose
14  and plain meaning.
15      b.  This ORDER shall continue to be binding after the
16  conclusion of this litigation, except that a party may seek
17  written permission from the opposing PARTIES or further ORDER of
18  the Court with respect to dissolution or modification of this
19  ORDER.
20      c.  Within thirty (30) days after the conclusion of this
21  case, any and all original, copy, portion, version, or summary of
22  any CONFIDENTIAL INFORMATION materials in the possession,
23  control, and/or custody of any QUALIFIED PERSON shall be
24  returned.  Counsel of record for a party returning CONFIDENTIAL
25  INFORMATION shall verify by declaration under oath that all such
26  INFORMATION has been returned and that it has not retained any
27  such INFORMATION or derivatives therefrom.  Counsel may retain
```

1 copies of briefs filed with the Court and work product so long as
2 it is maintained in accordance with this **ORDER.**
3     d. Disclosure of **CONFIDENTIAL INFORMATION** shall not
4 constitute a waiver of the attorney-client privilege, work-
5 product doctrine, or any other applicable rights or privilege.
6     e. Notices pursuant to this **ORDER** shall be sent to the
7 attorneys for the **PARTIES** listed on the signature page of this
8 **ORDER** unless notified in writing of a change.
9     f. This **ORDER** shall not be admissible at the time of trial
10 and shall not constitute an admission by any of the **PARTIES** that
11 **INFORMATION** identified as **CONFIDENTIAL** is in fact confidential or
12 the subject of entitlement thereto. This **ORDER** is entered into
13 solely to expedite discovery and meet the respective concerns of
14 the **PARTIES.** This **ORDER** shall not be made known to any trier of
15 fact, nor shall it be considered an admission of validity to any
16 claim of confidentiality hereunder except as is necessary to
17 enforce the terms of the **ORDER** as provided herein.
18     g. The Court's jurisdiction to enforce the terms of this
19 order shall extend until six months after the final termination
20 of this action.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

Selman Breitman LLP
ATTORNEYS AT LAW

101788.1 555.19028

The above is stipulated to by the respective counsel for the **PARTIES** as follows:

DATED: February 20, 2006    LAW OFFICES OF JOHN L. BURRIS

By: _____
JOHN L. BURRIS
Attorneys for Plaintiffs

DATED: February 16, 2006    SELMAN BREITMAN LLP

By: _____
GREGG A. THORNTON
Attorneys for Defendants

**ORDER**

**IT IS SO ORDERED.**

Dated: 4/4/2006    By: _____
Hon. Martin J. Jenkins
United States District Judge
Northern District of California

```
 1  GREGG A. THORNTON (SBN 146282)
    KELLI E. GEORGE (SBN 225689)
 2  SELMAN BREITMAN LLP
    33 New Montgomery, Sixth Floor
 3  San Francisco, CA  94105
    Telephone: (415) 979-0400
 4  Facsimile: (415) 979-2099

 5  Attorneys for Defendant
    CITY OF PACIFICA, PAT BRENNAN,
 6  VINCE ROMERO, MAX REISING, BART
    BUCHANAN, LANCE BELL, FERNANDO
 7  REALYVASQUEZ, NICK BARSETTI and
    DOMINIC ALBANESE
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| GREGORY SAULSBURY, SR., individually, and as joint personal representative of the Estate of the decedent, GREGORY SAULSBURY, Jr.; et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF PACIFICA, a municipal corporation; et al.,<br><br>　　　　Defendants. | CASE NO. C-05-01471 MJJ<br><br>**NON-DISCLOSURE AGREEMENT RELATING TO STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER** |
|---|---|

　　I, _____, declare as follows:

　　1.　My home address and telephone number is

_____.

　　2.　The name, address and telephone number of my employer is:

_____.

　　3.　I have received a copy of the Stipulation for Protective Order and Protective Order (hereinafter the **"ORDER"**) filed in the above-entitled action.

1

Non-Disclosure Agreement Re Confidentiality Stipulation and Protective Order
C-05-01471 MJJ

101790.1 555.19028

    4. I have carefully read and understand the terms of the **ORDER**.

    5. I hereby agree to be bound by the terms of the **ORDER**.

    6. During the pendency and after final resolution of this case, I will hold in confidence and not disclose to anyone not qualified under the terms of the **ORDER** any confidential writings, documents, things, information, or discovery disclosed to me.

    7. I agree to be subject to the personal jurisdiction of the United States District Court, Northern District of California, with regard to any proceeding relating to the enforcement of the **ORDER**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this _____ day of _____ (month), _____ (year), at _____ (city), California.

DATED: _____   _____